IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| RODNEY MAURICE SAUNDERS, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.:    WDQ-08-0874 |
|  | * | CRIMINAL NO.: WDQ-04-0406 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Rodney Maurice Saunders's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Saunders's motion will be denied.

I.   Background

Saunders was found guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and on December 9, 2005, was sentenced to 120 months imprisonment.

On September 11, 2007, the Fourth Circuit affirmed Saunders's conviction. *United States v. Saunders*, 501 F.3d 384 (4th Cir. 2007). On January 14, 2008, the Supreme Court denied certiorari. *Saunders v. United States*, 128 S. Ct. 1107 (2008). On April 7, 2008, Saunders filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

1

II. Analysis

A. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Saunders must show that: (1) counsel's deficient performance (2) prejudiced his defense. *Id.* at 687. Saunders must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Saunders must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688. This scrutiny is highly deferential. *Id.* at 689.

B. Discussion

Saunders alleges fourteen grounds of ineffective assistance of counsel. Specifically, he alleges that counsel: (1) failed to challenge the Court's findings regarding the identification made by Tony Burton; (2) failed to object to the verdict form; (3) failed to subpoena a witness who could not identify him; (4) failed to move to suppress an ammunition log; (5) failed to move to suppress evidence relating to Tavon Walker, his co-defendant; (6) failed to investigate victims of the robbery that occurred

the evening he was arrested; (7) failed to challenge the arresting officers' conflicting testimony; (8) during trial failed to have Saunders try on the coat worn during the crime; (9) failed to challenge Burton's knowledge of the getaway vehicle; (10) failed to impeach Burton with his past arrest; (11) failed to discuss allegations of excessive force against arresting Officer Kenneth Ivery; (12) failed to ensure that the jury represented the community; (13) failed to raise the verdict form issue on appeal to the Supreme Court; and (14) in her brief to the Supreme Court improperly stated that Saunders's description matched that given by the witness.

1. Ground One: Failure to Challenge Burton's Testimony

Saunders argues that counsel was ineffective for not challenging an identification of Saunders by Tony Burton, the cashier at the store whose customers Saunders robbed shortly before being arrested.  The Government counters that Saunders's counsel did everything he could to bring doubt to Burton's testimony.

Before trial, Saunders's counsel moved to suppress Burton's identification, arguing that it resulted from a suggestive photo array.  *See United States v. Saunders*, No. 04-0406, Paper No. 28 (filed Mar. 25, 2005).  After defense counsel thoroughly cross-examined Burton at the suppression hearing, the Court denied the

motion to suppress.  Saunders's counsel was not deficient.[1]

2. Grounds Two and Thirteen: Special Verdict Form

The court originally ordered a special verdict form requiring the jury to find unanimously that Saunders possessed a particular gun.  However, a general verdict form was used.  The court instructed the jury that it had to agree unanimously as to which gun Saunders possessed, thereby mitigating potential prejudice from the general verdict form.

As the Fourth Circuit reasoned, the court instructed the jury that it must unanimously agree that Saunders possessed a particular gun, and the jury is presumed to have followed the instruction.  *Saunders*, 501 F.3d at 394.  "Thus, the use of a general verdict form did not violate Saunders's right to a unanimous jury," *id.*, and he was not prejudiced.

The Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by [Saunders]." *Strickland*, 466 U.S. at 697.  If the petitioner has failed to show sufficient prejudice, the Court can deny the claim on that ground without assessing counsel's performance.  *Id.*

Saunders also argues that counsel was deficient for not raising the issue in her brief to the Supreme Court.  There is no

---

[1] The Fourth Circuit held that the photo array was suggestive but the accuracy of Burton's initial description and the other evidence showed that Saunders robbed the store. *Saunders*, 501 F.3d at 393.

4

duty for defense counsel to raise every claim a client suggests. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Counsel's strategic choice to omit an argument that did not sway the Fourth Circuit did not "f[a]ll below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

3. Ground Three: Failure to Subpoena Joseph Burtwell

Saunders contends that counsel was ineffective for not subpoenaing Joseph Burtwell to testify that he could not identify Saunders at the scene of the robbery.

Counsel's "strategic choices made after thorough investigation . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690. The Court applies a "strong presumption that a trial counsel's strategy and tactics fall within the wide range or reasonable professional assistance." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (*quoting Strickland*, 466 U.S. at 689) (internal quotations omitted). Saunders's counsel decided that Burtwell's testimony would not have helped Saunders's case.

Burton's testimony that Saunders had a gun during the robbery and Officer James Gomez's testimony that the gun fell out of the van when Saunders left it were persuasive. Burtwell's failure to identify Saunders would not have precluded his conviction.

4. Ground Four: Failure to Suppress Ammunition Log

Saunders next argues that counsel was ineffective for not moving to suppress an ammunition log that was used at trial to show that Saunders had previously purchased ammunition.[2]

As the log was not obtained in violation of his Fourth, Fifth or Sixth Amendment rights, and in light of the testimony by two eye-witnesses that Saunders possessed a gun, Saunders also has not shown that he was prejudiced by counsel's alleged failure to move for suppression.

5. Ground Five: Failure to Suppress Tavon Walker's Testimony

Saunders argues that counsel was ineffective for not moving to suppress his co-defendant, Tavon Walker's, testimony.  Defense counsel "repeatedly" objected to Officer Osiris Lofton's testimony relating to Walker.  The Government argues that it was unclear whether Walker's testimony benefitted the Government, as it may have distracted the jury from the evidence relating to Saunders.

Saunders has failed to show a "reasonable probability" that he would have been acquitted had Walker's testimony and evidence relating to him been stricken.  *Strickland*, 466 U.S. at 694.

6. Ground Six: Failure to Investigate Robbery Victims

Saunders claims that counsel was ineffective for not investigating the robbery victims.  Saunders has merely

---

[2] The record shows several suppression motions, but none specifically for the log.

speculated that investigating the robbery victims would have somehow helped his defense. There has been no showing of prejudice.[3]

### 7. Ground Seven: Failure to Challenge Testimony of Officers

Saunders argues that counsel was ineffective because he did not challenge the arresting officers' conflicting testimony.

Saunders notes that Officer Gomez said his car was parked in front of the getaway vehicle, but Officer Lofton said the vehicle was not "sandwiched." The officers' testimony about the vehicle is not inconsistent. Both officers describe a police car parked in front of Saunders's vehicle but not behind. Saunders also states that one officer saw a gun fall out of the vehicle, while another did not. This is not inconsistent testimony. Further, defense counsel cross-examined the officers and inconsistencies in their testimony were emphasized to the jury. Thus, Saunders has not shown that his attorney's performance was deficient.

### 8. Ground Eight: Failure to Have Saunders Wear Coat

Saunders contends that counsel was ineffective for not having Saunders try on for the jury the coat he allegedly wore during the robbery. Saunders claims that had he tried on the jacket it would not have supported the witness's testimony.

---

[3] Saunders contends in his reply that investigation of the robbery victims was necessary because his sentence was enhanced for using the firearm in an act of violence. Saunders again has failed to establish prejudice because he only speculates that the robbery victims would not have identified him. He has not shown that the investigation would have obviated the enhancement.

Courts give much deference to counsel's trial strategy. *Strickland*, 466 U.S. at 690. The Court will not second-guess this strategic decision.

9. Ground Nine: Failure to Challenge Burton's Ability to See the Getaway Vehicle

Saunders claims that counsel was deficient for not challenging Burton's ability to see Saunders's getaway vehicle from behind the store counter. Burton positively identified Saunders before and at the trial. Saunders has not demonstrated a reasonable probability that Burton's inability to see the getaway vehicle would have benefitted him.

10. Ground Ten: Failure to Raise Burton's Prior Arrest

Saunders next claims that counsel was ineffective for not impeaching Burton through a prior arrest.

A witness's prior conviction may be admissible to impeach that witness. Mere arrests are not admissible to impeach a witness. *United States v. Ling*, 581 F.2d 1118, 1121 (4th Cir. 1978); *United States v. Truslow*, 530 F.2d 257, 265 (4th Cir. 1975). Saunders's counsel was not deficient because he did not attempt to impeach Burton with his arrest.

11. Ground Eleven: Failure to Impeach Officer Ivery With Excessive Force Claim

Saunders argues that counsel was ineffective for not using an excessive force claim that Saunders made against one of the arresting officers. The Government argues that (1) it

investigated the claim and found it to be without merit, and (2) it is irrelevant.

Whatever the validity of the claim, Saunders has not shown a reasonable probability that he would have been acquitted had counsel raised the claim. Saunders filed an excessive force claim against Officer Kenneth Ivery who along with Officer James Gomez tackled Saunders during the arrest. Therefore, Saunders has failed to prove how he was prejudiced.

12. Ground Twelve: Failure to Object to the Racial Composition of the Jury

Saunders then argues that counsel was ineffective for not objecting to the composition of the jury. Specifically, Saunders notes that the jurors were all Caucasian senior citizens. The Government counters that such an objection would have been fruitless because it would have required Saunders to show a systematic exclusion of a particular group.[4]

On habeas review, courts give "particular deference" to counsel's judgment during *voir dire*. *Gardner v. Ozmint*, 511 F.3d 420, 426 (4th Cir. 2007). This Court will not second-guess that decision. Saunders has not demonstrated that the Court improperly excluded non-white persons from the jury; rather, he merely speculates that another jury would have acquitted him. Given the strong evidence against him, Saunders has not shown

---

[4] The Government misinterprets Saunders's claim as challenging the makeup of the venire. Saunders states that the "jury selected were carcasion [sic]." Pet'r's Mem. at 13.

with reasonable probability that he would have been acquitted. *See Baldwin v. Johnson*, 152 F.3d 1304, 1315-16 (11th Cir. 1998) (defense counsel's failure to challenge prosecutor's striking all African-American jurors not ineffective assistance in light of the overwhelming evidence against defendant).

13. Ground Fourteen: Supreme Court Brief

Finally, Saunders argues that counsel was ineffective because in her Supreme Court brief she wrote that Saunders was wearing clothes that Burton identified him as wearing, though Saunders claimed that he was not wearing them. He also appears to argue that counsel should have argued misidentification by Burton.

As stated above, counsel does not have a duty to raise every claim a client suggests. *Jones*, 463 U.S. at 754. Rather, counsel is presumed to have decided which issues were most likely to succeed on appeal. *Lawrence*, 517 F.3d at 709. This Court cannot say that counsel's performance was deficient. Saunders states that arguing misidentification "may have resulted" in a different outcome. Pet'r's Mem. at 15. This speculation is not the "reasonable probability" of prejudice required under *Strickland*. *Strickland*, 466 U.S. at 694.

III. Conclusion

For the reasons discussed above, Saunders's motion to vacate, set aside, or correct sentence will be denied.


<u>September 2, 2008</u>　　　　　　　　　　<u>　　　　　/s/　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge